# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHARLES A. AMBLE,

       Plaintiff,

  v.                                          Case No. 04-C-0748

BYRAN BARTOW, et al.,

       Defendants.

## ORDER

     Plaintiff Charles A. Amble brought this civil rights action under 42 U.S.C. § 1983. Plaintiff alleges that a (non-party) nurse at the Wisconsin Resource Center (WRC) mixed "acid" and "nitro" with his medications, causing him injury, and that the defendants failed to respond to his pleas for help. (Compl. ¶¶ 17-19, 22.) Presently before the court is plaintiff's motion to compel further responses to his document requests.

     Plaintiff served seven document requests on the defendants on February 3, 2005. Dissatisfied with defendants' responses, he filed papers construed by this court as a motion to compel. In these papers, plaintiff requests that the court conduct an *in camera* inspection of documents withheld by the defendants on grounds that they are (1) confidential under Wis. Stat.

§ 230.13[1] and (2) likely to jeopardize the safety and security of the WRC. The defendants agree that an *in camera* inspection prior to production is appropriate.

Turning to the merits of plaintiff's motion, Requests 1 and 2 are plainly irrelevant to this litigation and were appropriately rebuffed by the defendants. The court has inspected the documents withheld by the defendants that are allegedly responsive to Requests 3-7. The documents were generated in defendants' investigation of the relationship between the plaintiff and the nurse he accuses of drugging him. None of the documents provided by the defendants are relevant to plaintiff's claims, nor would any of the documents lead to the discovery of admissible evidence. Plaintiff's motion to compel production of the documents is therefore **DENIED.**

**SO ORDERED.**

Dated this   20th   day of June, 2005.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

---

[1][T]he director and the administrator may keep records of the following personnel matters closed to the public:

. . .

(c) Dismissals, demotions and other disciplinary actions.

. . .