UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHARLES A. AMBLE,

        Plaintiff,

v.                                        Case No. 04-C-0748

BYRAN BARTOW, *et al.*,

        Defendants.

**DECISION AND ORDER**

        Plaintiff Charles A. Amble brought this civil rights action under 42 U.S.C. § 1983. Plaintiff alleges that a (non-party) nurse at the Wisconsin Resource Center (WRC) mixed "acid" and "nitro" with his medications, causing him injury, and that the defendants failed to respond to his pleas for help. (Compl. ¶¶ 17-19, 22.) Defendants Byran Bartow, Diane Fergot, Carolyn Cada, and Tom Michlowski have moved for summary judgment. In support of their motion, they have submitted proposed findings of fact. Plaintiff has not responded to the motion. The court must therefore accept defendants' proposed findings as true. Civil L.R. 56.2(e). Nevertheless, the court has also scrutinized the documents filed under seal by the defendants to determine whether they contain any evidence supporting plaintiff's claims.

        Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party has the initial burden of demonstrating that

it is entitled to summary judgment. *Id.* at 323. Once this burden is met, the nonmoving party must designate specific facts to support or defend its case. *Id.* at 322-24.

In analyzing whether a question of fact exists, the court construes the evidence in the light most favorable to the party opposing the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The mere existence of some factual dispute does not defeat a summary judgment motion, however; there must be a *genuine* issue of *material* fact for the case to survive. *Id.* at 247-48.

"Material" means that the factual dispute must be outcome-determinative under governing law. *Contreras v. City of Chicago*, 119 F.3d 1286, 1291 (7th Cir. 1997). Failure to support any essential element of a claim renders all other facts immaterial. *Celotex*, 477 U.S. at 323. A "genuine" issue of material fact requires specific and sufficient evidence that, if believed by a jury, would actually support a verdict in the nonmovant's favor. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 249. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Not one scintilla of evidence in this case supports plaintiff's contention that anyone at WRC mixed "acid" or "nitro" with his medications. Plaintiff did take nitroglycerine, on a physician's prescription, between April 27, 2004 and June 22, 2004. (PFOF ¶¶ 103-104; 109.) However, plaintiff self-administered the nitroglycerine. (PFOF ¶¶ 105-106.) The non-party nurse whom plaintiff accuses of doing so did not administer nitroglycerine to the plaintiff. (PFOF ¶ 107.) Nor did the defendants have any knowledge or indication that this nurse gave plaintiff any illegal drugs. (PFOF ¶¶ 101; 123; 130; 150.) Taken as a whole, the evidence suggests that WRC staff were

2

exceptionally solicitous of plaintiff's medical needs, including some that were perhaps exaggerated. Because plaintiff has completely failed to support his claim, no rational finder of fact could find in his favor at trial, and summary judgment for defendants is warranted.

**IT IS THEREFORE ORDERED** that defendants' motion for summary judgment is hereby **GRANTED.** The Clerk of Court is directed to enter judgment accordingly.

Dated this 15th day of July, 2005.

s/ William C. Griesbach
WILLIAM C. GRIESBACH
United States District Judge